# IN THE COURT OF APPEALS OF IOWA

No. 14-1581
Filed August 5, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES HARLEY SCHILDBERG,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Lawson (plea) and Mark D. Cleve (sentencing), Judges.

        Following an *Alford* plea, a defendant appeals alleging ineffective assistance of counsel.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Michael Walton, County Attorney, and Patrick A. McElyea, Assistant County Attorney, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

James Schildberg entered an *Alford* plea to third-degree kidnapping.[1] On appeal, he contends the plea lacked a factual basis and his attorney was ineffective in failing to challenge the plea on that ground. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Ortiz*, 789 N.W.2d 761, 764-65 (Iowa 2010) ("Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea." "Prejudice is presumed under these circumstances." (internal citations omitted)).

Schildberg specifically challenges the confinement element of the kidnapping charge. *See* Iowa Code § 710.1 (2013) (providing a person commits kidnapping "when the person either confines a person or removes a person from one place to another, knowing that the person who confines or removes the other person has neither the authority nor the consent of the other to do so" and the person has "[t]he intent to inflict serious injury upon such person, or to subject the person to a sexual abuse"). The Iowa Supreme Court recently addressed this element in *State v. Robinson*, 859 N.W.2d 464, 479-82 (Iowa 2015). The court reaffirmed the following "oft quoted language" from its prior opinion, *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981):

> [O]ur legislature, in enacting section 710.1, intended the terms "confines" and "removes" to require more than the confinement or removal that is an inherent incident of commission of the crime of sexual abuse. Although no minimum period of confinement or

---

[1] An *Alford* plea is a variation of a guilty plea in which the defendant does not admit to participation in the acts constituting the crime but consents to the imposition of a sentence. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). Schildberg also entered *Alford* pleas to two other crimes, which are not at issue on appeal.

distance of removal is required for conviction of kidnapping, the confinement or removal must definitely exceed that normally incidental to the commission of sexual abuse. Such confinement or removal must be more than slight, inconsequential, or an incident inherent in the crime of sexual abuse so that it has a significance independent from sexual abuse. Such confinement or removal may exist because it substantially increases the risk of harm to the victim, significantly lessens the risk of detection, or significantly facilitates escape following the consummation of the offense.

Applying this "tripartite test," the court concluded the evidence against Robinson was insufficient to find that the confinement "substantially" increased the risk of harm, "significantly" lessened the risk of detection, or "significantly" facilitated escape following the consummation of the offense. *Robinson*, 859 N.W.2d at 478, 481-82.

In our application of the *Rich* test, we examine the "entire record before the district court" to determine whether Schildberg's plea is supported by a factual basis. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). The record includes the minutes of evidence. *Ortiz*, 789 N.W.2d at 768.

According to the minutes, Schildberg's girlfriend would testify that, around 1:30 a.m. one morning, Schildberg pulled her out of bed by her hair, ripping chunks of hair as he did so. He hit and kicked her and broke one of her ribs. He also put his legs around her head and neck and choked her until she was gasping for air. The girlfriend thought she was going to die.

Schildberg forced her to have sex with him several times "throughout the morning." Around noon, Schildberg made her drive him to a gas station to get more beer. He "would not allow her to remain in the vehicle telling her she had to come in because he thought she might escape or call the police." He shoved and directed her into the store. When they returned to the home, Schildberg

"would only sleep with his arm around her telling her she was not allowed to leave." He "kept her phone and purse away from her so she could not call anyone." He did not allow her to leave the residence. He told her he wanted to keep her in the house to have sex with her because he knew she would be breaking up with him. She called the police after Schildberg passed out.

Based on these minutes, we have no trouble concluding the confinement was more than incidental to the commission of sexual abuse. *Rich*, 305 N.W.2d at 745. Schildberg forcibly kept his girlfriend in the house for ten-and-a-half hours, insisted she accompany him to the gas station and into the store so she would not escape or call police, restricted her movement on their return to the house, and prevented her from using her phone or from leaving the house. Because Schildberg's acts substantially increased the risk of harm to his girlfriend and significantly lessened the risk of detection, his attorney did not breach an essential duty in failing to challenge the factual basis for the confinement element of the crime.

We affirm Schildberg's judgment and sentence for third-degree kidnapping.

**AFFIRMED.**